**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-3866 |
| Plaintiff - Appellee, | D.C. No. 6:22-cr-00134-MC-1 |
| v. | |
| JOSEPH DIBEE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, Chief District Judge, Presiding

Submitted February 5, 2025**
Portland, Oregon

Before: BEA, KOH, and SUNG, Circuit Judges.

Defendant Joseph Dibee pleaded guilty to one violation of 18 U.S.C.

§ 844(f) and (n), conspiracy to commit arson. Defendant's plea agreement

included mandatory restitution. Pursuant to 18 U.S.C. §§ 3663 and 3663A, the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court imposed a restitution order of $82,497.60 without interest to be paid to the United States Bureau of Land Management. Defendant appeals this restitution order. We affirm.

We review the restitution order for abuse of discretion, "provided it is within the bounds of the statutory framework." *United States v. Berger*, 473 F.3d 1080, 1104 (9th Cir. 2007). The district court's valuation methodology is reviewed de novo, and factual findings underlying the order are reviewed for clear error. *Id.*

1. The district court did not abuse its discretion in declining to apportion the restitution amount amongst Defendant and the co-conspirators. Per 18 U.S.C. § 3664(h), "[i]f the [district] court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants[.]"

Here, the district court was aware of the availability of apportionment, but declined to apportion the restitution, stating that "Mr. Dibee did plead to being a member of a conspiracy whose object was to destroy by fire buildings and property owned by the United States Bureau of Land Management." Contrary to Defendant's assertions, the district court did not misunderstand its discretion to apportion restitution under 18 U.S.C. § 3664(h).

2. Defendant next challenges the reliability of the Government's claimed restitution amount. "Any dispute as to the proper amount . . . of restitution shall be

resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government." 18 U.S.C. § 3664(e). Although there are no specific requirements, evidence of the restitution amount must contain "sufficient indicia of reliability to support its probable accuracy." *United States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008) (quoting *United States v. Garcia-Sanchez*, 189 F.3d 1143, 1148 (9th Cir. 1999)).

The district court did not clearly err in finding that the evidence provided by the Government contained sufficient indicia of reliability to support its probable accuracy. In support of its request for restitution, the Government provided a one-page letter on the United States Department of the Interior letterhead and signed by a field manager. The letter states a loss amount of $85,000 for a destroyed pole barn and lost hay due to the arson incident. The letter also itemizes the costs of reconstructing the pole barn, replacing the hay, and repairing fences. Absent "clear evidence to the contrary," we presume that the government official who prepared the letter has "properly discharged their official duties." *Angov v. Lynch*, 788 F.3d 893, 905 (9th Cir. 2015) (quoting *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004) and *United States v. Armstrong*, 517 U.S. 456, 464 (1996)). And, as the district court noted, the replacement and repair costs were "easily ascertainable through simply looking at some contracts." These indicia of

23-3866

reliability were sufficient to prove the letter's probable accuracy by a preponderance of the evidence.

Defendant argues that the letter's inclusion of both the value of the lost hay and barn as well as the costs of replacing them makes the entire document unreliable. We disagree. Had the district court counted both values in its restitution order, that would have been error. But the inclusion of both line items in the letter does not render the document unreliable.

Defendant also challenges the district court's reliance on the replacement cost for the pole barn instead of the loss value. Even if the district court erred in its reliance on replacement cost, however, the error would be harmless. The loss value for the hay and pole barn combined was $85,000. The cost to replace the hay was $25,000, so the loss value for the pole barn alone was approximately $60,000. The cost to replace the pole barn was $92,243. Here, the district court subtracted $40,000 from the Government's restitution request. This "discount" is larger than the difference between the replacement value and the loss value, so any error would be harmless.

**AFFIRMED.**

23-3866